HAROLD E. WILLARD, trustee for Asbury Park National Bank, appellant,

*v.*

ANNIE E. DENISE, respondent.

Where information is casually obtained by an agent of a corporation, the corporation is not charged with notice from the mere fact of its agent's knowledge, but if the corporation act through such agent in a matter where the information possessed by him is pertinent, the knowledge of the agent will be imputed to the principal.

On appeal from an order of the court of chancery, in *Sexton* v. *Taylor*, on petition for surplus money.

Willard *v.* Denise.

*Mr. Peter Backes,* for the appellant.

*Mr. E. W. Arrowsmith* and *Mr. Frank P. McDermott,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

This is a contest over surplus money paid into the court of chancery in a foreclosure suit, after the complainant's mortgage had been satisfied out of the proceeds of the sale of the mortgaged premises. The struggle for priority is between two mortgages made by Mary E. Taylor in 1889, one to Annie E. Denise, the respondent, and the other to the Asbury Park National Bank, the petitioner. Respondent's mortgage, though earlier in execution and delivery, remained unrecorded at the time the petitioner's mortgage was placed upon the record. The question in the case is whether the bank had notice of the earlier unrecorded mortgage. The facts upon which notice to the bank is asserted are these: George W. Byram, an attorney at law in active practice, was, during the period covered by the whole of this transaction, likewise president of the Asbury Park National Bank. In the course of his legal business he had actual knowledge of the making and delivery of the respondent's mortgage, which was, in fact, drawn and executed in his office and witnessed and acknowledged before him as a master in chancery. This was in April, 1889. In October of the same year, Mr. Byram, as president of the bank, participated in the taking of the other mortgage executed by the same mortgagor upon the same premises six months later. By his actual participation in this latter transaction, the knowledge of the earlier mortgage possessed by Byram is imputable to the corporation whose agent he was. The fact that the information had not been acquired by him in the course of his agency does not militate against the application of the rule in question, when the agent personally participates in the later transaction in behalf of the corporation.

Where information is casually obtained by an agent for a corporation, the corporation is not charged with notice from the mere fact of its agent's knowledge, but if the corporation act through such agent in a matter where the information possessed by him is pertinent, the knowledge of the agent will be imputed to the principal. To bring about this result two things must concur, viz., the possession by the agent of pertinent information and his personal participation in respect thereto on behalf of his corporation.

This doctrine is illustrated by numerous modern adjudications and is correctly stated by the more recent text writers. *1 Morawetz Corp. § 540; Wade Not. (2d ed.) 675, 676; Bank v. Christopher, 11 Vr. 435.*

The order of the chancellor, awarding the surplus money to the respondent, is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, MAGIE, VAN SYCKEL, BOGERT, BROWN, CLEMENT, SMITH—10.

*For reversal*—None.