The bill, in effect, is one to quiet title and may be maintained as such, although inartistically drawn. The bill sets out in detail the complainant's chain of title and recites a judgment of the defendant against which relief is sought. As the answer and agreed state of facts supply the missing jurisdictional allegations in the bill the pleadings will be considered as amended (the court having the right to revamp the pleadings) and the issue disposed of.
One Horowitz conveyed the premises described in the bill of complaint to Litterst as security against endorsements of Horowitz's notes which Litterst later paid after judgment by the bank against Horowitz and Litterst. The deed was in effect an equitable mortgage, recognized as such by the *Page 381 
parties and foreclosed at the suit of Litterst, the bank being made a party defendant. The premises were sold by the sheriff in that proceeding in 1914 to one Bolger, the sale confirmed and thefieri facias returned satisfied. Bolger paid the sheriff only a part of the purchase price and the deed was delivered to Litterst's solicitor, who arranged with Bolger to give a purchase-money mortgage for the balance of the purchase price, but this was never done. The deed was never recorded and is still in the possession of Litterst's attorney. The sale was subject to prior encumbrances among which was a $10,000 mortgage held by Elias who foreclosed in 1915, making Litterst and Bolger parties defendant. They did not answer and decree went against them and the property was sold by the sheriff to complainant's predecessor in title. Neither complainant nor his predecessor in title had any notice of the bank's judgment except such as the record afforded. The complainant acquired title on October 15th, 1925. The bank assigned its judgment to Litterst on March 12th, 1925. Litterst was the cashier and an officer and director of the bank during all the period covered by these transactions. The bill seeks to have complainant's property declared free of the alleged lien of the judgment. The defendant insists that his foreclosure proceedings were not completed by delivery of the sheriff's deed to Bolger; that therefore the bank's judgment was still a lien upon the property; that the bank should have been made a party defendant in the Elias foreclosure and, as it was not, the lien of the judgment was not disturbed, and that complainant's predecessor in title took title subject to the lien of that judgment. I am unable to agree with this contention. So far as the records showed the defendant's foreclosure suit was complete, the decree fully satisfied and the bank's judgment cut out in that suit. This constituted payment of Litterst's equitable mortgage. That the balance of the purchase price was not paid by Bolger does not matter. That was the result of an arrangement between Litterst and Bolger. True, the records in the county clerk's office showed title still in Litterst and the supreme court records showed the bank's judgment still *Page 382 
open; but a careful searcher having knowledge of defendant's foreclosure suit (as is apparent from the facts) had a right to rely upon the records in that suit indicating a sale to Bolger. The fact that Bolger's deed was not on record accounts for Litterst's being made a party defendant in the Elias foreclosure and indicates meticulous care by the solicitor of complainant in that suit. Had Bolger's deed been recorded the record would have been plain and Litterst need not have been made a party. Bolger was certainly the equitable owner. The complete title was in the two, Litterst and Bolger. Litterst had actual knowledge of the Elias foreclosure and was thoroughly familiar with all of the facts and of the rights of the respective parties, including the rights, if any, of the bank of which he was an officer and director. If it were incumbent upon Elias to give the bank notice of his suit, the notice and knowledge of Litterst, under the circumstances, may be imputed to the bank. Gaston v. Bank,29 N.J. Eq. 98; Trenton Banking Co. v. Woodruff, 2 N.J. Eq. 117;Bank v. Christopher, 40 N.J. Law 435; Willard v. Denise,50 N.J. Eq. 482. But the bank really had no interest. Its judgment had been paid by Litterst, who was the real party in interest under the judgment and he had actual notice of the Elias foreclosure. He sat supinely by and did nothing and cannot now profit by his inaction. The belated assignment of the judgment to Litterst, ten years after the Elias foreclosure, indicates an ineffectual attempt, based on an after-thought, to preserve Litterst's claim. Advances in real estate values may account for this sudden activity after the lapse of so many years. Having remained silent so long and especially during the pendency of the Elias foreclosure suit, with full knowledge of all of the facts, it would be inequitable to permit the defendant to now assert his judgment as a lien. The complainant is entitled to a decree. *Page 383